**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zoe Federoff Smerda, et al., | No. CV-25-00542-TUC-RM |
| Plaintiffs, | **ORDER** |
| v. | |
| Oracle Management Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint. (Doc. 9.) For the following reasons, the Motion will be granted.

## I.     Legal Standard

A party may amend its pleading once as a matter of course under Federal Rule of Civil Procedure 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave should freely be given "when justice so requires." *Id.* In determining whether to grant leave to amend, courts consider the following factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

. . . .

. . . .

## II. Discussion

Plaintiffs have already amended their Complaint once as a matter of course. (*See* Doc. 8.) Accordingly, pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs require the opposing parties' written consent or leave of Court to file a Second Amended Complaint. Plaintiffs aver that they are unable to obtain the opposing parties' written consent to amend because the opposing parties have not yet appeared in this action. (Doc. 9 at 4.) Accordingly, Plaintiffs request leave of Court to amend.

Plaintiffs state that they seek to amend for purposes of joining additional plaintiffs who assert "injuries stemming from the same merchandise, recordings, and image-based exploitation already at issue in this lawsuit." (*Id.* at 6.) Plaintiffs argue that adding the new plaintiffs will ensure "that all parties with legally cognizable interests arising from Defendants' conduct can obtain relief in a single, coordinated lawsuit," thereby promoting fairness and judicial efficiency. (*Id.* at 6-7.) Plaintiffs aver that they filed their Motion without delay after identifying the additional plaintiffs. (*Id.* at 8.) Plaintiffs assert that Defendants will suffer no prejudice because they have not yet appeared or filed an answer, and discovery has not yet commenced. (*Id.* at 7-8.) Plaintiffs attach a redlined copy of their proposed Second Amended Complaint, in compliance with LRCiv 15.1(a).

Without prejudice to Defendants' ability to file motions under Rule 12(b), the Court finds that Plaintiffs' proposed amendment would not be futile given the similarity between the existing claims and the claims of the proposed new plaintiffs. Defendants would not be prejudiced by the proposed amendment given the early stage of this case; Defendants have not yet appeared in this action and a scheduling order has not yet issued. The Court finds no undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed. Accordingly, under the liberal standards of Rule 15(a)(2), the Court will grant Plaintiffs' Motion.

. . . .

. . . .

. . . .

**IT IS ORDERED** that Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 9) is **granted**. Pursuant to Local Rule of Civil Procedure 15.1(a), Plaintiffs shall file and serve their Second Amended Complaint within **fourteen (14) days** of the date this Order issues.

Dated this 5th day of December, 2025.

_____
Honorable Rosemary Márquez
United States District Judge