KRISTIN M. ROEBUCK BETHELL (AZ Bar No. 31000)
SLATON ROEBUCK, PLLC
8501 N. Scottsdale Road, Suite 155
Scottsdale, Arizona 85253
Telephone: (480) 483-2178
Email: roebuck@slatonroebuck.com

Local Counsel for Defendant The Oracle Management, Inc.

KENNETH S. INGBER (CA Bar No. 174551)
INGBER & ASSOCIATES
A Professional Law Corporation
401 Wilshire Boulevard, 12th Floor
Santa Monica, California 90401
Telephone: (818) 707-3811
Facsimile: (818) 707-5294
Emails: ken@ingberlawyers.com

Pro Hac Vice Counsel for Defendant The Oracle Management, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Zoe Federoff Smerda, an individual, Marek Smerda, an individual, Richard Shaw, an individual, Paul Allender, an individual, Sasha Baxter, an individual, and Lindsay Matheson, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>The Oracle Management, Inc., a domestic for-profit corporation, Daniel Lloyd Davey, an individual, Cradle of Filth Touring Limited, an international corporation, and Cradle of Filth LLP, an international limited liability partnership,<br><br>Defendants | Case No. 4:25-cv-00542-RM<br><br>**DEFENDANT THE ORACLE MANAGEMENT, INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(3), OR, IN THE ALTERNATIVE, TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>**[Declaration of Dez Fafara filed concurrently]** |

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No.: 4:25-cv-00542-RM

Defendant The Oracle Management, Inc. ("Oracle"), by and through its undersigned counsel, hereby moves this Court to dismiss the Second Amended Complaint ("SAC") pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure or, alternatively, to transfer venue to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1404(a) or 1406(a). This motion is supported by the following Memorandum of Points and Authorities, the pleadings and papers on file in this action, the Declaration of Dez Fafara filed concurrently, and upon such further matters as the Court may consider.

Pursuant to LRCiv 7.1(h) and Arizona Rules of Civil Procedure 12(j), Oracle certifies that counsel conferred in good faith with counsel for Plaintiffs regarding the issues raised herein and provided a copy of the draft motion prior to filing this Motion. In response, Plaintiffs filed a motion for leave to file the SAC, which does not cure the identified deficiencies. As such, the parties were unable to resolve the issues without Court intervention.

RESPECTFULLY SUBMITTED this 22nd day of December, 2025

SLATON ROEBUCK, PLLC
        /Kristin M. Roebuck Bethell
By: _____
Kristin M. Roebuck Bethell, Esq.
Local Counsel for Defendant The Oracle Management, Inc.

-and-

INGBER & ASSOCIATES
A Professional Law Corporation
        /Kenneth Ingber
By: _____
Kenneth S. Ingber, Esq.
Pro Hac Vice Counsel for Defendant The Oracle Management, Inc.

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No.: 4:25-cv-00542-RM

## TABLE OF CONTENTS

I.      **INTRODUCTION**……………………………………………………..3

II.     **PROCEDURAL BACKGROUND**………………………………………4

III.    **THE COURT LACKS PERSONAL JURISDICTION OVER ORACLE**…6

A.     **Legal Standard on Rule 12(b)(2) Motion to Dismiss**…………………………...6

B.     **There are No Facts Giving Rise to General Jurisdiction**…………………...8

C.     **There are No Facts Giving Rise to Specific Jurisdiction**………………….…...10

IV.     **VENUE IS IMPROPER IN ARIZONA**………………………………………...14

V.      **ALTERNATIVE REQUEST FOR TRANSFER**…………………….......……16

VI.     **CONCLUSION**…………………………………………………………..18

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No.: 4:25-cv-00542-RM

## TABLE OF CITATIONS

**Cases**

*Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848 (9th Cir. 1993)...........13

*Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102 (1987)...............................7

*Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008)................................................13

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)................................... 11, 13

*Butcher's Union Local No. 498 v. SDC Inv.*, *Inc.*, 788 F.2d 535
(9th Cir. 1986)........................................................................................................10

*CollegeSource, Inc. v. AcademyOne, Inc*., 653 F.3d 1066 (9th Cir. 2011)............. 11

*Daimler AG v. Bauman*, 571 U.S. 117 (2014).......................................................6, 9

*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834
(9th Cir. 1986)....................................................................................................16–17

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351 (2021).................... 11

*Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962)............................................. 15, 17

*Gonzalez v. U.S. Human Rights Network*, 512 F. Supp. 3d 944
(D. Ariz. 2021)……………………………………………………….…............. 13

*Goodyear Dunlop Tires Operations*, *S.A. v. Brown*, 564 U.S. 915
(2011)...................................................................................................................... 6

*Holland Am. Line Inc. v. Wärtsilä N. Am.*, Inc., 485 F.3d 450 (9th Cir. 2007)...8, 12

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945)............................ 6, 8-9

*Jones v. GNC Franchising*, Inc., 211 F.3d 495 (9th Cir. 2000)............................ 17

*LNS Enters. LLC v. Continental Motors*, Inc., 464 F. Supp. 3d 1065
(D. Ariz. 2020)……………………………………………………………….......10

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No.: 4:25-cv-00542-RM

*Leroy v. Great W. United Corp.*, 443 U.S. 173 (1979)......................................... 15

*Lou v. Belzberg*, 834 F.2d 730 (9th Cir. 1987)...................................................... 17

*Morrill v. Scott Fin. Corp.*, 873 F.3d 1136 (9th Cir. 2017)................................. 13

*Munson v. California*, 2009 WL 264838 (N.D. Cal. 2009)...................................14

*Murphy v. Schneider Nat'l*, Inc., 362 F.3d 1133 (9th Cir. 2004)..........................14

*Myers v. Bennett Law Offices*, 238 F.3d 1068 (9th Cir. 2001)........................ 4, 16

*Picot v. Weston*, 780 F.3d 1206 (9th Cir. 2015)....................................... 11

*Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491

(9th Cir. 1979)................................................................................ 14–15

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797

(9th Cir. 2004)…………………………………………………........................... 7, 10–11

*Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990)..................................................... 12

*Stewart Org.*, Inc. v. Ricoh Corp., 487 U.S. 22 (1988)........................................ 16

*Travelers Cas. & Sur. Co. of Am. v. Telstar Const. Co.*,

252 F. Supp. 2d 917 (D. Ariz. 2003)………………………………………………… 7

*Van Dusen v. Barrack*, 376 U.S. 612 (1964)...................................................... 17

*Walden v. Fiore*, 571 U.S. 277 (2014)......................................................... 11–13

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)..................... 11

**Statutes**

Fed. R. Civ. P. 12(b)(2), .............................................................. 1, 2, 6, 7, 18

Fed. R. Civ. P. 12(b)(3), .............................................................. 1, 2, 14, 18

28 U.S.C. § 1391(b), ..................................................................... 2, 14–15

28 U.S.C. § 1391(c)(2), ...............................................................14-15

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No.: 4:25-cv-00542-RM

28 U.S.C. § 1404(a), ..................................................................... 1, 15–17

28 U.S.C. § 1406(a), ..................................................................... 1, 15, 17

**Local Rules**

LRCiv 7.1(h), …........................................................................... 1

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No.: 4:25-cv-00542-RM

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Prior to serving the original complaint on any of the defendants, Plaintiffs filed a First Amended Complaint ("FAC"). Although proper service of the FAC was not effectuated, Oracle notified Plaintiffs, in writing, that the FAC failed to allege facts to support personal jurisdiction and venue. Oracle provided Plaintiffs with a draft of its motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure or, alternatively, to transfer venue to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1404(a) or 1406(a). In response, Plaintiffs filed a motion for leave to file a Second Amended Complaint ("SAC"). However, the conclusory allegations added to the SAC still do not cure the identified deficiencies.

As discussed below, Oracle, which is headquartered in Los Angeles, California, has no physical presence, business operations, or purposeful contacts with Arizona that would subject it to personal jurisdiction. The SAC relies solely on conclusory allegations that Oracle was "present" at two performances in Arizona and, "upon information and belief," "profited from, and facilitated, directed, or otherwise participated in" the commercial activities of its co-defendants, without any factual allegations that Oracle itself performed acts in or directed toward Arizona. Indeed, Plaintiffs' vague allegations are directly controverted by the declaration of Dez Fafara, principal of Oracle, filed concurrently.

Plaintiffs also fail to demonstrate that a "substantial part of the events or omissions" occurred in Arizona as required by 28 U.S.C. § 1391(b)(2). The SAC does not allege any facts showing that Oracle negotiated, executed, or performed any contract in this forum. Merchandise licensing and touring agreements alleged in the pleadings (that Oracle was not

3

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No.: 4:25-cv-00542-RM

even a party to) were executed by co-defendants abroad or in California. Paraphrasing *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001), courts in this circuit hold that venue is improper when the conduct giving rise to the claim occurred entirely outside the forum, even if alleged effects were later experienced inside the forum.

Even if jurisdiction and venue were assumed, the claims asserted against Oracle—Count 1 (False Designation of Origin), Count 3 (Right of Publicity/Misappropriation), Count 6 (Unjust Enrichment), Count 7 (Unjust Enrichment) and Count 8 (Unjust Enrichment-in the alternative)—do not arise from any Arizona-related conduct attributable to Oracle. Accordingly, the Court should dismiss all claims against Oracle or, in the alternative, transfer this action to the United States District Court for the Central District of California.

## II.    PROCEDURAL BACKGROUND

Oracle is a California corporation, with its principal place of business located in Los Angeles, California, that provides artist management services. It does not maintain offices, employees, bank accounts or property in Arizona. Oracle is not registered to do business in Arizona and does not advertise or solicit business there. (See, Declaration of Dez Fafara)

Plaintiffs Zoe Federoff Smerda and Marek Smerda, who reside in Arizona, are former members of a heavy metal band, Cradle of Filth.

On September 29, 2025, Plaintiffs filed a Complaint against Oracle, Daniel Lloyd Davey (another member of the band), Cradle of Filth Touring Limited, and Cradle of Filth LLP alleging causes of action for (1) false designation, (2) right to publicity/ misappropriation, (3) defamation and, in the alternative, (4) unjust enrichment. All of the defendants, other than Oracle, reside and/or are headquartered in London. The gist of the

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No.: 4:25-cv-00542-RM

Complaint is that all of the Defendants are liable for the unauthorized use and exploitation of Plaintiffs' likenesses and images in merchandise and in-person events, and for unpaid royalites for their performances in music sound recordings. Plaintiffs also alleged that Defendant Davey disparaged them.

Prior to serving the Complaint, on October 9, 2025, Plaintiffs filed a First Amended Complaint ("FAC") which added another plaintiff, Lindsay Matheson, a resident of Canada, and two more counts for conversion and copyright infringement (concerning artwork)—neither of which are alleged against Oracle. Only the claims for false designation, right to privacy/misappropriation, and (alternatively) unjust enrichment were asserted against Oracle.

Although service of the FAC was not effectuated, Oracle notified Plaintiffs of their failure to allege facts to support personal jurisdiction and venue, and it provided Plaintiffs' counsel with a draft of the motion to dismiss. In response, Plaintiffs filed a motion for leave to file the SAC. The SAC includes 3 new Plaintiffs—two of whom reside outside of Arizona—and alleges two more counts for unjust enrichment (in addition to the existing count for unjust enrichment alleged "in the alternative"); however, it still does not cure the identified deficiencies. For instance, the SAC attempts to create personal jurisdiction over Oracle and establish venue in Arizona by alleging that Oracle was "present" in Arizona on two occasions in 2023 and, based on "information and belief," it "profited from, and facilitated, directed, or otherwise participated in" selling merchandise and/or recordings. However, the declaration of Dez Fafara demonstrates that he was in Arizona on those two occasions in connection with his performance as an artist in a band named, *Devildriver*, which happens to be managed by Oracle and has nothing to do with Plaintiffs.

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No.: 4:25-cv-00542-RM

As Plaintiffs' allegations concerning personal jurisdiction and venue remain conclusory and are directly controverted by the declaration of Dez Fafara, Plaintiffs' claims should be dismissed.

## III.   THE COURT LACKS PERSONAL JURISDICTION OVER ORACLE

### A.   Legal Standard on Rule 12(b)(2) Motion to Dismiss

Rule 12(b)(2) of the Federal Rules of Civil Procedure grants defendants the right to challenge a federal court's personal jurisdiction. Due process requires that nonresident defendants have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The U.S. Supreme Court has established two categories of personal jurisdiction: general jurisdiction and specific jurisdiction. *Goodyear Dunlop Tires Operations, S.A., v. Brown*, 564 U.S. 915, 919 (2011); *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). "A State may exercise general jurisdiction where a defendant's affiliations with the State are so 'continuous and systematic' as to render [the defendant] 'essentially at home' in the forum State." *Daimler AG v. Bauman*, 571 U.S. at 127, citing *Goodyear Dunlop*. As the Supreme Court made clear, the oft-used formulation that a corporation may be subject to jurisdiction wherever it engages in a "substantial, continuous, and systematic course of business" was expressly rejected as "unacceptably grasping," and does not itself establish general jurisdiction. *Id*. at 137-138. Corporate defendants are considered "at home" in the state of their incorporation and their principal place of business. *Id*. ("With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m]…bases for general jurisdiction.'") It is only under exceptional circumstances that a foreign corporation may be

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No.: 4:25-cv-00542-RM

subject to personal jurisdiction in a forum other than where it is incorporated or maintains its principal place of business. *Id.* at 139, n. 19.

If the defendant lacks sufficient contacts to be considered "at home" in the forum state, a court may exercise specific jurisdiction if the defendant has continuous and systematic contacts with the forum state that give rise to the claims in question. Specific jurisdiction requires that the defendant purposefully directed its activities toward the forum, the claim arises from those activities, and the exercise of jurisdiction is reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

In a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the burden rests on the plaintiff to establish personal jurisdiction with competent factual allegations. *Id.* at 800. In ruling on the motion, the court is not limited to considering the allegations in the complaint. See, *Travelers Cas. & Sur. Co. of Am. v. Telstar Const. Co.*, 252 F. Supp.2d 917, 922 (D. Ariz. 2003) ("It is well established that the Court may consider affidavits and other materials when weighing a Motion to Dismiss for lack of personal jurisdiction under Rule 12(b)(2) without transforming the motion into a Motion for Summary Judgment.) As further established in the Declaration of Dez Fafara, Oracle's artist-management activities are performed exclusively from its Los Angeles headquarters. All correspondence, negotiations, and contract administration relating to Cradle of Filth's touring or merchandising are handled in California. Oracle does not direct, manage, or supervise any performance activity within Arizona.

Additionally, Plaintiffs' allegations do not satisfy the "stream of commerce" standard rejected by the Supreme Court. A defendant does not purposefully avail itself of a forum merely because products or performances organized by others reach that state. *Asahi Metal*

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No.: 4:25-cv-00542-RM

*Indus. Co. v. Superior Court*, 480 U.S. 102, 112–13 (1987); *Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.*, 485 F.3d 450, 459–60 (9th Cir. 2007). Oracle's alleged coordination of tours and merchandise contracts outside Arizona does not constitute conduct expressly aimed at the forum.

**B.    There are No Facts Giving Rise to General Jurisdiction**

The SAC concedes that Oracle is a California corporation with its principal address located in Los Angeles, California. (SAC, ¶37) It alleges, at paragraph 46, that the Court has general personal jurisdiction over Oracle because its "affiliations with this State are so continuous and systematic as to render it at home in this State and this District", citing *International Shoe*, 326 U.S. at 317.  This conclusion is based solely on the following allegations, most of which are speculative and asserted "upon information and belief":

    a.  Upon information and belief, Defendant Oracle and Defendants Cradle of Filth, Touring Entity, and/or Davey are engaged in an agreement wherein Defendant Oracle receives a share of the profits obtained by Defendants Cradle of Filth, Touring Entity, and/or Davey.

    b.  Upon information and belief, Defendant Oracle facilitates and/or negotiates contracts, agreements, or other business opportunities on behalf of or for the benefit of Defendants Cradle of Filth, Touring Entity, and/or Davey.

    c.  Upon information and belief, Defendant Oracle was party to, participated in, facilitated the execution of and/or negotiated agreements for any or all performances in this State, including but not limited to the performances mentioned herein, directly or indirectly.

    d.  Defendant Oracle was present at the Marquee Theatre Performance in this State.

    e.  Upon information and belief, Defendant Oracle profited from, and facilitated, directed, or otherwise participated in, selling Merchandise, and/or Recordings at the Marquee Theatre Performance in this State on March 8, 2023.

    f.  Defendant Oracle was present at the Encore Performance in this State.

    g.  Upon information and belief, Defendant Oracle profited from, and facilitated, directed, or otherwise participated in, selling Merchandise, and/or Recordings at the Encore Performance in this State on October 5, 2023.

    h.  Upon information and belief, Defendant Oracle received profits from the sales of Merchandise and/or Recordings at any and all performances in this

State, including but not limited to the performances mentioned herein, directly or indirectly, including but not limited to by, through or under any agreement Defendant Oracle has entered with Defendant Davey and/or Cradle of Filth.

i. Upon information and belief, Defendant Oracle received profits from ticket sales for any and all performances in this State, including but not limited to the performances mentioned herein, directly or indirectly, including but not limited to by, through or under and agreement Defendant Oracle has entered with Defendant Davey and/or Cradle of Filth.

Plaintiffs have not alleged any facts in support of these conclusory assertions. Rather, they contend, without any factual support, that Oracle entered into speculative and unidentified agreements with its co-defendants and other third parties relating to the co-defendants' performances and merchandise sales in Arizona, and that Oracle received profits arising therefrom. Thus, under Plaintiffs' reasoning, Oracle would be subject to jurisdiction in any forum state in which Cradle of Filth ever performed.

As noted by the Supreme Court in *Daimler*, "the words 'continuous and systematic' were used in *International Shoe* to describe instances in which the exercise of specific jurisdiction would be appropriate…Turning to all-purpose jurisdiction, in contrast, *International Shoe* speaks of 'instances in which the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit…on causes of action arising from dealings entirely distinct from those activities.'" The inquiry is "not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum state." Id. "Exercising jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business' would be 'unacceptably grasping,' a formulation the Supreme Court expressly rejected as a basis for general jurisdiction." *Daimler AG v. Bauman,* 571 U.S. at 137-138.

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No.: 4:25-cv-00542-RM

Furthermore, the two appearances in Arizona referred to in the SAC were by an unrelated band, *Devildriver*, having nothing to do with Plaintiffs. The fact that an unrelated band managed by Oracle performed in Arizona on two occasions in 2023 certainly does not demonstrate continuous and systematic contacts with Arizona; rather, these allegations epitomize the type of "unacceptably grasping" attempts to manufacture jurisdiction rejected by the Supreme Court.

Oracle has no offices, real property, bank accounts or employees in Arizona and it has not directed any business activities toward this forum. Oracle's only alleged connection to Arizona is that it purportedly "profited from" or "facilitated" other defendants' conduct and that it was "present" in Arizona on two occasions in 2023 by virtue of the tour stops of an unrelated band. These are precisely the type of threadbare allegations that do not constitute jurisdictional facts.  The Ninth Circuit has long held that a plaintiff "cannot rest on the bare allegations of the complaint" but must "come forward with facts, by affidavit or otherwise, supporting jurisdiction." *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986); *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d at 800. Because Plaintiffs fail to allege specific jurisdictional facts linking Oracle to Arizona, personal jurisdiction cannot be exercised consistent with due process. See also, *LNS Enterprises LLC v. Continental Motors, Inc*., 464 F. Supp. 3d 1065, 1077–78 (D. Ariz. 2020) (denying jurisdictional discovery where plaintiffs offered only speculative, conclusory jurisdictional allegations).

**C.      There are No Facts Giving Rise to Specific Jurisdiction**

Specific personal jurisdiction exists only when the defendant has (1) purposefully directed its activities at the forum state or purposefully availed itself of the privilege of

10

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No.: 4:25-cv-00542-RM

conducting activities there; (2) the claim arises out of or relates to those forum-related activities; and (3) the exercise of jurisdiction would be reasonable and comport with fair play and substantial justice. See *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d at 802; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–76 (1985). The plaintiff's contacts with the forum cannot be decisive in determining whether the defendant's due process rights are violated. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Rather, the proper focus is the defendant's own contacts with the forum—not the plaintiff's unilateral residence or experience of harm. See also *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) ("A contract alone does not automatically establish minimum contacts in the plaintiff's home forum."). "[T]he relationship must arise out of contacts that the 'defendant himself' creates with the forum State." *Walden v. Fiore*, 571 U.S. at 283-84. See also *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362–65 (2021) (specific jurisdiction exists only where the defendant's suit-related conduct creates a substantial connection to the forum; unrelated in-forum activities do not suffice).

The plaintiff bears the burden of establishing the first two prongs; if met, the burden then shifts to the defendant to show unreasonableness. *CollegeSource, Inc. v. AcademyOne*, *Inc.*, 653 F.3d 1066, 1076–77 (9th Cir. 2011). The "purposeful availment" or "purposeful direction" requirement ensures that the defendant's conduct creates a substantial connection with the forum state, such that it should reasonably anticipate being haled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Random, fortuitous, or attenuated contacts are insufficient. *Burger King*, 471 U.S. at 475; *Walden v. Fiore*, 571 U.S. at 284–86.

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No.: 4:25-cv-00542-RM

The SAC fails to allege facts showing that Oracle purposefully directed any conduct toward Arizona or purposefully availed itself of the benefits of doing business there. The SAC does not identify any contracts negotiated or executed in Arizona, offices maintained, employees stationed, or sales activities uniquely tied to Arizona. Nor does it allege that Oracle engaged in any forum-specific conduct giving rise to Plaintiffs' claims. Instead, Plaintiffs make a single, wholly conclusory allegation with respect to specific jurisdiction: "This court has specific jurisdiction over defendant Oracle because Defendant Oracle 'purposefully avails itself of the privilege of conducting activities' within the forum state, and Defendant's contact with the forum give right to, or are related to, Plaintiffs' claims." [citation omitted.] (SAC, ¶47)  Furthermore, the allegation that Oracle "profited from" others' conduct is insufficient to establish purposeful availment. *Walden v. Fiore*, 571 U.S. at 284. Likewise, their reliance on two appearances in Arizona by an unrelated band and conclusory allegation "on information and belief" that Oracle was there for the purpose of facilitating, directing or participating in the sale of merchandise and/or recordings, "directly or indirectly, at other performances in this State, either remotely or in person" is not sufficient to establish jurisdiction.

Even assuming arguendo that co-defendants performed concerts or sold merchandise in Arizona, Oracle's limited management relationship with those entities is insufficient as a matter of law to establish specific jurisdiction. The Ninth Circuit has repeatedly rejected "vicarious" or "imputed" jurisdiction based solely on business relationships with entities that act within the forum. See *Holland Am. Line,* 485 F.3d at 459 ("no specific jurisdiction where defendant's only alleged forum link was contractual dealings with another company performing work in the forum"); *Sher v. Johnson,* 911 F.2d 1357, 1365 (9th Cir. 1990).

12

Oracle did not enter contracts in Arizona, employ anyone there, or direct any communications or promotional activity to that state.

Nor may Plaintiffs rely on the unilateral actions of third parties to establish jurisdiction. The Supreme Court has emphasized that "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. at 285. Plaintiffs' alleged injuries stem from concerts and merchandise activities of others—not Oracle's own conduct—which forecloses specific jurisdiction. In *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1145 (9th Cir. 2017), the Ninth Circuit held that incidental or plaintiff-driven contacts with the forum—including emails or communications occurring merely because the plaintiff happens to reside there—are insufficient to establish purposeful direction. Courts in this District regularly apply *Walden* and reject jurisdiction when the plaintiff is merely the only link to the forum. *Gonzalez v. U.S. Human Rights Network*, 512 F. Supp. 3d 944, 950–51 (D. Ariz. 2021). The SAC also fails the "arising out of" requirement because no forum-related activities by Oracle are alleged. See *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008) (single eBay sale to California buyer insufficient—no ongoing obligations or deliberate forum conduct).

Even if minimal contacts existed (which they do not), exercising jurisdiction over Oracle in Arizona would be unreasonable. Oracle is headquartered in California, the witnesses and evidence are located there, and Arizona has little local interest in adjudicating a dispute involving a California corporation and foreign defendants. The burden on Oracle to litigate in Arizona would be substantial, while Plaintiffs can pursue their claims in California—where Oracle is subject to general jurisdiction. See *Burger King*, 471 U.S. at 477; *Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851–52 (9th Cir. 1993).

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No.: 4:25-cv-00542-RM

As Plaintiffs allege no purposeful availment, purposeful direction, or forum-related acts by Oracle giving rise to their claims, they fail to meet their burden to establish specific personal jurisdiction. The SAC therefore should be dismissed under Federal Rule of Civil Procedure 12(b)(2).

## IV.    VENUE IS IMPROPER IN ARIZONA

Federal Rule of Civil Procedure 12(b)(3) provides that a defendant may seek to dismiss an action for improper venue. The plaintiff bears the burden of demonstrating that venue is proper. *Munson v. California*, No. C 09-5053 SBA, 2009 WL 264838, at *1 (N.D. Cal. Feb. 4, 2009) (citation omitted). Where a Rule 12(b)(3) motion turns on disputed venue or jurisdictional facts, courts may consider evidence outside the pleadings, while drawing all reasonable inferences and resolving factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l, Inc*. 362 F.3d 1133, 1137 (9th Cir. 2004).

Plaintiffs allege that venue is proper in this District because "Oracle is deemed to reside in this District for purposes of venue under 28 U.S.C. § 1391(c)(2) as this Court has personal jurisdiction over Oracle with respect to this action. See 28 U.S.C. § 1391(b)(1)." (SAC, ¶54) Thus, the only basis for venue is Plaintiffs' conclusory contention that the Court has personal jurisdiction over Oracle and that it resides in Arizona, which is certainly not supported by the evidence or allegations as discussed above. Courts consistently hold that bare or formulaic venue allegations do not satisfy 28 U.S.C. § 1391(b). See *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979) (plaintiff bears burden of establishing venue with facts).

Plaintiffs concede that Oracle is a California corporation with its principal place of business in California. There are no facts alleged giving rise to personal jurisdiction in

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No.: 4:25-cv-00542-RM

Arizona. The only acts alleged to have occurred in Arizona involve concerts and sales of merchandise by the other defendants, not Oracle. Moreover, the two occasions they claim Oracle was purportedly "present" in Arizona concern performances in 2023 by an unrelated band managed by Oracle. All of the other defendants (as well as two of the plaintiffs) reside and/or are headquartered outside of the United States.

Under § 1391(b), a civil action may be brought only in (1) a district where any defendant resides, if all defendants reside in the same state; (2) a district where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no such district, any district in which any defendant is subject to personal jurisdiction. Section 1391(c)(2) merely defines corporate residency as any district where the defendant is subject to personal jurisdiction—it does not independently create venue. See *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183–84 (1979).

Oracle does not reside in Arizona within the meaning of § 1391(c)(2) because it is not subject to personal jurisdiction in this District. Additionally, since none of the other defendants reside in the United States, venue turns solely on Oracle's residency. As Oracle resides in Los Angeles, California, there exists at least one proper venue—the United States District Court for the Central District of California. Accordingly, the fallback provision in § 1391(b)(3) does not apply.

When venue is improper, the court must dismiss or transfer the action under 28 U.S.C. § 1406(a). *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d at 496; *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). Alternatively, even if venue were deemed technically proper, transfer is warranted under § 1404(a) because the relevant witnesses, documents, and corporate activities are located in California, and that forum has

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No.: 4:25-cv-00542-RM

the greater interest in adjudicating a dispute involving its resident corporation. See *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (superseded by statute on other grounds).

Even if Plaintiffs could show that merchandise or performances occurred in Arizona, none were negotiated, authorized, or administered by Oracle. Venue analysis focuses on where the defendant's acts occurred, not where plaintiffs experienced downstream consequences. *Id.*; see also, *Myers v. Bennett Law Offices*, 238 F.3d at 1075-77. Here, the SAC identifies no conduct by Oracle in Arizona whatsoever—only downstream effects allegedly arising from acts of others. Accordingly, venue in this District is improper under § 1391(b), and even if technically proper, the convenience factors under § 1404(a) compel transfer to the Central District of California, where Oracle's officers, witnesses, and relevant records are located.

Because Plaintiffs identify no Arizona-based witnesses, documents, or conduct attributable to Oracle, both the convenience of witnesses and the locus of operative facts point squarely to California. Transfer will promote judicial economy and avoid piecemeal discovery disputes between California and the United Kingdom defendants.

## V.   ALTERNATIVE REQUEST FOR TRANSFER

Should the Court decline to dismiss, transfer remains appropriate as the clearly more convenient and just alternative under 28 U.S.C. § 1404(a)—or, if venue is deemed improper—under § 1406(a). "Section 1404(a) provides that '[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.'" 28 U.S.C. § 1404(a); *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The statute grants courts broad discretion

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No.: 4:25-cv-00542-RM

to determine whether transfer serves convenience and fairness on a case-by-case basis. *Id*.; *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Courts in the Ninth Circuit consider several factors, including the location of witnesses and evidence, the parties' contacts with the forum, familiarity with governing law, litigation costs, and the local interest in the controversy. See *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d at 843. Among these, the convenience of witnesses is often the most important. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

The key witnesses—Oracle executives, tour-management personnel, and accountants—are all located in Los Angeles. No Arizona-based witnesses or evidence are identified in the SAC. The records relevant to Oracle's financial dealings, including banking, royalty, and management agreements, are maintained in Los Angeles County. Venue there would not only serve convenience but also ensure ready access to physical and electronic evidence relevant to Plaintiffs' allegations.

Further, California has the greater local interest in adjudicating a dispute involving a California corporation. Retaining the action in Arizona would impose unnecessary cost and inconvenience on Oracle while providing no meaningful benefit to Plaintiffs or the Court. Indeed, one of the newly-added Plaintiffs is also a resident of California.

Alternatively, if the Court concludes that venue in Arizona is improper under 28 U.S.C. § 1391(b), transfer is appropriate under § 1406(a), which authorizes a court to dismiss or, in the interest of justice, transfer a case filed in the wrong venue to any district where it could have been brought. See *Goldlawr, Inc. v. Heiman*, 369 U.S. at 465–66 (1962). Because Oracle is a California corporation with its principal place of business in Los

17

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No.: 4:25-cv-00542-RM

Angeles, the proper transferee venue under either § 1404(a) or § 1406(a) is the Central District of California. See 28 U.S.C. §§ 1391(c)(2), (d). Accordingly, whether viewed as a matter of convenience or to cure improper venue, this action should be transferred to the United States District Court for the Central District of California in the interest of justice and judicial efficiency.

## VI.    CONCLUSION

For the foregoing reasons, Oracle respectfully requests that the Court dismiss all claims against it pursuant to Rules 12(b)(2) and 12(b)(3), or, alternatively, transfer this case to the United States District Court for the Central District of California.

RESPECTFULLY SUBMITTED this 22nd day of December, 2025

SLATON ROEBUCK, PLLC
       */Kristin M. Roebuck Bethell*
By: _____
Kristin M. Roebuck Bethell, Esq.
Local Counsel for Defendant The Oracle Management, Inc.

-and-

INGBER & ASSOCIATES
A Professional Law Corporation
       */Kenneth Ingber*
By: _____
Kenneth S. Ingber, Esq.
Pro Hac Vice counsel for Defendant The Oracle Management, Inc.

18

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No.: 4:25-cv-00542-RM

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Federal Rules of Civil Procedure 5(b)(2)(E). The following parties were served through the CM/ECF system and e-mail a copy on this 22nd day of December, 2025:

Krystle Delgado, AZ Bar No. 031219
Delgado Entertainment Law, PLLC
6803 E. Main Street, Suite 1116
Scottsdale, Arizona 85251
krystle@delgadoentertainmentlaw.com

By: /s/Cathy Bopp

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No.: 4:25-cv-00542-RM