Krystle Delgado, AZ Bar No. 031219
**Delgado Entertainment Law, PLLC**
6803 E. Main Street, Suite 1116
Scottsdale, Arizona 85251
Telephone: (480) 248-0657
Facsimile: (480) 718-8759
krystle@delgadoentertainmentlaw.com
*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Zoe Federoff Smerda, an individual, Marek Smerda, an individual, Richard Shaw, an individual, Paul Allender, an individual, Sasha Baxter, an individual, and Lindsay Matheson, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>The Oracle Management, Inc., a domestic for-profit corporation, Daniel Lloyd Davey, an individual, Cradle of Filth Touring Limited, an international corporation, and Cradle of Filth LLP, an international limited liability partnership.<br><br>Defendants. | Case No. 4:25-cv-00542-RM<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT THE ORACLE MANAGEMENT, INC.'S MOTION TO DISMISS**<br><br>**[Declaration of Zoe Federoff filed concurrently]** |

COME NOW, Plaintiffs, Zoe Federoff Smerda, Marek Smerda, Richard Shaw, Paul Allender, Sasha Baxter, and Lindsay Matheson, (collectively, "**Plaintiffs**"), by and through undersigned counsel, and hereby file this response in opposition ("**Response**") to Defendant The Oracle Management's ("**Oracle**") Motion to Dismiss Plaintiffs' Second Amended Complaint ("**SAC**") Pursuant to F.R.C.P. 12(b)(2) and 12(b)(3), or, in the alternative, to Transfer Venue to the Central District of California (collectively the

"**Motion**"). This Response is supported by the following Memorandum of Points and Authorities and the Declaration of Zoe Federoff filed concurrently.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

*First*, Oracle moves to dismiss for a lack of personal jurisdiction, alleging Plaintiffs have not shown Oracle's affiliations with the State are so 'continuous and systematic' as to render [Oracle] essentially at home in the State of Arizona. Motion, p. 14.  Oracle's argument fails because Oracle's contacts in Arizona regarding the Performances were created by Oracle itself. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) (the defendant's own conduct must create the necessary connection with the forum State to support the exercise of personal jurisdiction). Oracle also claims a lack of specific personal jurisdiction because Plaintiffs have not sufficiently shown "purposeful availment, purposeful direction, or forum-related acts by Oracle giving rise to [Plaintiffs'] claims." Motion, p. 18, 1-3. At this stage, Plaintiffs need only make a prima facie showing of jurisdiction, and all factual disputes must be resolved in Plaintiffs' favor. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Plaintiffs have sufficiently alleged that Oracle had intentional and repeated forum-directed conduct by purposefully directing its conduct to Arizona in organizing and coordinating live musical Performances (defined herein) and the sale of physical Merchandise (defined herein) at the Performances. SAC, ¶ 44(c), (e).

*Second*, Oracle moves to dismiss for an improper venue by merely repackaging its failed jurisdictional challenge. Section 28 U.S.C. § 1391(c)(2) leaves no room for Oracle's position because a corporate defendant "resides" in any district where it is subject to

2

personal jurisdiction, rendering venue proper once jurisdiction is established. Accordingly, Oracle's request for dismissal for improper venue fails as a matter of law.

***Third***, in the alternative, Oracle moves to transfer to the United States District Court for the Central District of California as the "clearly more convenient and just alternative." Motion, p. 20. Oracle's transfer request fails because it would unnecessarily fracture adjudication of claims arising from a common nucleus of operative fact, undermine efficient resolution of forum-related misconduct, and improperly create inconvenience to Plaintiffs in contravention of 28 U.S.C. § 1404(a)'s interest-of-justice standard.

## II.    FACTUAL BACKGROUND

This action arises primarily out of Defendants', including Oracle's, profit off the likenesses of the Plaintiffs. SAC, ¶¶ 81-104. Specifically, Defendants licensed the production and sale of merchandise bearing Plaintiffs' likenesses and images ("**Merchandise**") without Plaintiffs' authorization. *Id.*, ¶ 82-102. As alleged in the SAC, Oracle maintains management agreement(s) with one or more co-Defendants pursuant to which Oracle receives a share of revenues derived from the sale of Merchandise, including online sales and sales at live performances. *Id.*, ¶¶ 46(a)-(i). Oracle actively participated in Defendants' business and financial operations, including tour coordination, performance bookings, and revenue-generating activities related to the Merchandise. *Id.*, ¶¶ 46-47, 82-104, 151-156, 211-212, 250.

Oracle's representatives were involved in two (2) separate performances in Arizona ("**Performances**"), for which Oracle received a portion of the sales of Merchandise and the ticket sales: (i) at the Performance at the Marquee Theatre in this State on March 8,

3

2023, and (ii) at the Performance at the Encore in this State on October 5, 2023. *Id.*, ¶¶ 46(b)-(i). Although Oracle asserts that it was not acting as manager for other Defendants during or in connection with the scheduling of these Performances, the SAC alleges facts demonstrating Oracle's direct and substantive involvement in the Performances and related revenue-generating activities. SAC, ¶¶ 46-47, 82-104, 151-156, 211-212, 250. These forum-directed activities form the factual basis for Plaintiffs' claims and establish Oracle's deliberate participation in commercial conduct occurring in this State.

### III.    LEGAL STANDARD

At this stage, Plaintiffs are only required to provide a "short and plain statement" showing entitlement to relief - not evidentiary proof. Fed. R. Civ. P. 8; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In evaluating a motion to dismiss, the court should draw all reasonable inferences and resolve factual disputes in the plaintiff's favor. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1139 (9th Cir. 2004). Either party may present sworn affidavits and declarations in addition to pleadings for the court's consideration in determining whether it has personal jurisdiction over the defendant. *See Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). Courts may consider extrinsic evidence where a Rule 12(b)(3) motion to dismiss for improper venue turns on disputed venue or jurisdictional facts. *Murphy*, at 1137. When the motion is based on written materials, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). "Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's

favor." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996)).

## IV.    ARGUMENT

In support of its Motion, Oracle included the Declaration of Dez Fafara ("**Principal**"), who identified himself as "a principal of [Oracle]." Doc 14, ¶ 2. Principal claims that "Oracles revenue is derived exclusively from management commissions it earns in representing its clients," but does not identify what "representing its clients" entails, nor where these commissions originate from. *Id.*, ¶ 5. Principal claims that the Performances did not involve any business or transactions with Oracle. *Id*. These assertions are conclusory and self-serving, and do not resolve the jurisdictional inquiry where Plaintiffs have submitted competing factual allegations. Pursuant to the Declaration of Plaintiff Zoe Federoff filed concurrently herewith ("**Zoe Dec.**"), Oracle managed, coordinated, and communicated payment information to the Plaintiffs involved in the Performances. Zoe Dec., ¶ 2. This directly contradicts Principal's claims that Oracle was not involved in the booking process, venue selection, or contract negotiation for the Performances. Doc 14, ¶ 12. At this stage, all factual conflicts must be resolved in Plaintiffs' favor, and the Court may not weigh credibility or resolve disputed facts.

Plaintiffs allege Oracle managed, coordinated and/or communicated tour dates for the Performances between the booking agents and the Plaintiffs involved in the Performances. Zoe Dec., ¶ 4. In fact, Oracle was the sole or primary source of information regarding the Performances for the Plaintiffs involved in the Performances. *Id.,* ¶ 5. Principal claims that Oracle has never "received any payments or royalties directly from

the sale of [Merchandise bearing Plaintiffs' likenesses] in Arizona," then immediately contradicts this by stating that a portion of Oracle's "management commissions" may have been from Merchandise sales in Arizona. Doc 14, ¶ 9. Oracle attempts to negate forum-directed conduct through inconsistent declaration testimony alone. The SAC Counts One, Three, and Eight directly relate to Oracle's planning, coordination, and communication regarding the sale of Merchandise. Plaintiffs have met their burden of providing factual allegations showing personal jurisdiction and venue are proper for these reasons alone. Dismissal at this stage is inappropriate.

### a. Plaintiffs' Claims Arise Directly from Oracle's Forum-Directed Conduct in Arizona

Oracle claims a lack of general personal jurisdiction, alleging Plaintiffs have not shown Oracle's affiliations with the State are so 'continuous and systematic' as to render [Oracle] essentially at home in the State of Arizona. Motion, p. 14.  The Due Process Clause protects a defendant from being haled into a forum with which it has no meaningful "contacts, ties, or relations." *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). However, due process is satisfied where the defendant's own conduct creates a substantial connection with the forum. *Walden v. Fiore*, 571 U.S. 277, 284 (2014) *(citing Burger King Corp. v. Rudzewicz, 471 U. S. 462, 475 (1985)).* "It is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* at 285.

Here, Oracle participated in and facilitated the sale of Merchandise at multiple performances in Arizona, including the two (2) Performances of the band Cradle of Filth.

6

SAC, ¶ 44(c), (e). Beyond this, Oracle managed or coordinated tour dates for the Performances, ticket sales for the Performances, and was the sole or primary source of information regarding the Performances. Dec. Zoe, ¶ 4-5. Oracle managed, coordinated, or communicated ticket sales for the Performances between the booking agent and the Plaintiffs, in connection with Defendants. *Id.*, ¶ 6. Oracle was the sole or primary source of ticket sale information for live performances, including the Performances, featuring Plaintiffs in connection with Defendants. *Id.*, ¶ 7. Accordingly, Oracle's deliberate coordination of venue-related and venue-generating activities in Arizona constitutes defendant-created contacts with the forum that give rise to Plaintiffs' claims.

**b. Oracle's Conduct Demonstrates Contractual Relationship Underlying the Arizona Performances and Merchandise Sales**

Next, Oracle alleges that this Court does not have specific personal jurisdiction over it because Oracle did not direct activities to this forum. Motion, p. 16. For specific personal jurisdiction, courts apply a three-part due process test to examine: (1) whether the plaintiff's claims "arise out of or relate to" the defendant's contacts with the forum; (2) whether the defendant "purposefully availed" himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). Plaintiffs only bear the burden of establishing the first two prongs of this test. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076–77 (9th Cir. 2011). To meet the "purposeful availment" requirement, the defendant's conduct or activity must create a substantial

connection with the forum state. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

Oracle purposefully directed its activities at this State and purposefully availed itself of the privilege of conducting activities here through its involvement in the Performances and the sale of Merchandise at those Performances. *See Burger King Corp.* at 472–76. Oracle claims its role as a "limited management relationship" with Cradle of Filth (Motion, at 16), however, Plaintiffs allege that the management relationship between Oracle and its co-defendants is far more extensive. See Zoe Dec., ¶ 4-7. Oracle and its representatives managed, coordinated or communicated tour dates for the Performances for the Plaintiffs, in connection with Defendants. *Id.*, ¶ 4. Oracle was the sole or primary source of information regarding the Performances. *Id.*, ¶ 5. Oracle and its representatives managed, coordinated, or communicated ticket sales for the Performances between the booking agent and the Plaintiffs, in connection with Defendants. *Id.*, ¶ 6. Oracle was the sole or primary source of ticket sale information for live performances, including the Performances, featuring Plaintiffs in connection with Defendants. *Id.*, ¶ 7. This conduct reflects deliberate, forum-directed activity by Oracle giving rise to Plaintiffs' claims.

Oracle asserts that the Performances "were by an unrelated band, *Devildriver.*" Motion, at 14. Oracle thus characterizes Devildriver as an "unrelated band managed by Oracle" that performed at the same venues, on the same dates, and in the same lineup as Cradle of Filth and its co-defendants. *Id.,* Doc. 14, ¶ 10. However, Plaintiffs do *not* contend that Oracle's connection to Arizona rests on conduct of third-parties. *Id.*, at 14, 7-9. Rather, Oracle directly participated in or directed the sale of Merchandise at the Performances.

Oracle's physical presence at two (2) Arizona shows featuring two (2) bands it managed, combined with its role in booking and touring arrangement, reflects deliberate forum-directed conduct by Oracle, not incidental activity related to a third-party.  It is more likely that *Devildriver* and Cradle of Filth performed at the Performances together *because of* Oracle's management of both bands and involvement in the booking and touring arrangements for the bands.

Oracle claims that Plaintiffs have not identified any agreements or contracts Oracle entered into relating to the co-defendants' performances and Merchandise sales in Arizona, and that Plaintiffs have not identified any profits that Oracle received arising therefrom. Motion, 7–10. Oracle claims that Plaintiffs have not identified "any contracts negotiated or executed in Arizona … or sales activities uniquely tied to Arizona." *Id.*, p. 16. At the pleading stage, however, Plaintiffs are not required to produce contracts or prove their terms to establish personal jurisdiction. As alleged in the SAC, Defendants have acknowledged the existence of licensing agreements governing Merchandise bearing Plaintiffs' likenesses while repeatedly refusing to provide copies of those agreements. SAC ¶¶ 82–89. Plaintiffs allege that at least one such licensing agreement exists and grants rights related to Merchandise, but Plaintiffs have been denied access to it. Id. Moreover, sales at the Performances in Arizona are uniquely tied to this forum because they occurred at physical venues in Arizona and would not have occurred absent the Arizona-based Performances.

Defendant Oracle's conduct, actions, and behavior before, during, and after the Performances suggest a contractual relationship with the music venues and/or booking

agents hosting, booking, or promoting the Performances. Zoe Dec., ¶ 4-7. Oracle and its representatives managed, coordinated or communicated tour dates for the Performances for the Plaintiffs, in connection with Defendants. *Id.*, ¶ 4. Oracle was the sole or primary source of information regarding the Performances. *Id.*, ¶ 5. Oracle and its representatives managed, coordinated, or communicated ticket sales for the Performances between the booking agent and the Plaintiffs, in connection with Defendants. *Id.*, ¶ 6. Oracle was the sole or primary source of ticket sale information for live performances, including the Performances, featuring Plaintiffs in connection with Defendants. *Id.*, ¶ 7. Oracle was present at two (2) separate shows in Arizona featuring two separate bands that Oracle managed, yet inexplicably, Oracle argues that it was involved in any capacity. Oracle's management of both bands performing together at the same venues on the same dates, combined with its role in booking and touring arrangements, supports a reasonable inference of contractual relationships with the booking agents and/or venues hosting the Performances.

### c. Plaintiffs' Claims Against Oracle Arise Out of Defendant Oracle's Actions Relating to the Performances in Arizona

Plaintiffs' claims against Oracle arise out of or relate to Oracle's forum-related activities. *See Burger King Corp* at 472–76. Oracle's relationship with this forum arises from contacts that Oracle itself created by intentionally coordinating with booking agents and venues for Arizona performances and by managing Plaintiffs' participation in those Performances. *See Walden* at 283-84.

As the Supreme Court has made clear, "the plaintiff cannot be the only link between the defendant and the forum." *Gonzalez v. U.S. Human Rights Network*, 512 F. Supp. 3d 944, 950–51 (D. Ariz. 2021) (quoting *Walden v. Fiore*, 571 U.S. at 285). In this case, Oracle was physically present in Arizona specifically for the purpose of managing bands at the Performances, including directing or facilitating the sale of Merchandise at those events. SAC, ¶ 44(c), (e). Although Oracle asserts that it did not enter into contracts in Arizona or direct activities toward this forum (Doc. 14, ¶ 7), Plaintiffs allege that Oracle and its representatives coordinated tour dates, communicated performance logistics, and served as the intermediary between booking agents, venue representatives, and Plaintiffs for the Arizona Performances. Zoe Dec., ¶ 4-7.

Oracle relies on *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008) to argue that the sales of Merchandise at Performances were not deliberate forum-directed conduct. However, unlike the single eBay sale in *Boschetto*, Oracle was physically present in the State and involved in the sale of Merchandise at the Performances in the State. Doc. 11, ¶¶ 46(d)-(i). These forum-based activities are the very conduct from which Plaintiffs' claims arise.

### d. Venue Is Proper as to Oracle Because Oracle Is Subject to Personal Jurisdiction in This District

Oracle argues that venue is improper because Oracle claims that this Court does not have personal jurisdiction over Oracle. That argument fails because venue under 28 U.S.C. § 1391(b)(1) turns on whether a defendant "resides" in the district, and a corporate defendant resides in any district where it is subject to personal jurisdiction. 28 U.S.C. §

11

1391(c)(2). As set forth above, Oracle is subject to personal jurisdiction in this District and therefore resides here for venue purposes.

Moreover, venue is assessed independently as to each defendant. 28 U.S.C. § 1391(c)(3). Because Oracle resides in this District for purposes of § 1391(c)(2), venue is proper as to Oracle under § 1391(b)(1), regardless of the residency of any co-defendants. Accordingly, Oracle's motion to dismiss for improper venue should be denied.

e. **Transfer of Venue would Unduly Prejudice Plaintiffs and Inappropriate**

Oracle's claim that transfer is appropriate "as a matter of convenience" is entirely unfounded. Motion, at 17. Transfer of venue to the Middle District of California for Oracle would be unduly burdensome to Plaintiffs, solely to the benefit of the Defendants. Transferring Plaintiffs' claims against Oracle to another judicial district would effectively bifurcate proceedings into two proceedings, requiring Plaintiffs to pay double the costs to litigate the same claims against all Defendants, while each Defendant would still only have to pay, at most, costs for litigation in one jurisdiction. Oracle also claims that transfer would resolve an alleged issue of improper venue. However, as discussed herein, venue is proper for Oracle in this District. Accordingly, transfer of venue should be denied.

## CONCLUSION

Therefore, Plaintiffs respectfully request that this Court deny Oracle's Motion to Dismiss in its entirety. Alternatively, Plaintiffs request that this Court set an evidentiary hearing to resolve the factual disputes relevant to this determination, or postpone ruling until trial.

//

RESPECTFULLY SUBMITTED this 6th day of January, 2026.

By: *s/Krystle Delgado*
Krystle Delgado, Esq.
AZ Bar No. 031219
Delgado Entertainment Law, PLLC
6803 E Main Street, Suite 1116
Scottsdale, Arizona 85251
Telephone: (480) 248-0657
Facsimile: (480) 718-8759
krystle@delgadoentertainmentlaw.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on January 6, 2026, **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT THE ORACLE MANAGEMENT, INC.'S MOTION TO DISMISS** was filed with the United States District Court, for the District of Arizona, using the CM/ECM system, which will send notification of such filing to counsel of record via electronic mail as follows:

KRISTIN M. ROEBUCK BETHELL (AZ Bar No. 31000)
SLATON ROEBUCK, PLLC
8501 N. Scottsdale Road, Suite 155
Scottsdale, Arizona 85253
Telephone: (480) 483-2178
Email: roebuck@slatonroebuck.com

Local Counsel for Defendant The Oracle Management, Inc.
KENNETH S. INGBER (CA Bar No. 174551)
INGBER & ASSOCIATES
A Professional Law Corporation
401 Wilshire Boulevard, 12th Floor
Santa Monica, California 90401
Telephone: (818) 707-3811
Facsimile: (818) 707-5294
Emails: ken@ingberlawyers.com
Pro Hac Vice Counsel for Defendant The Oracle Management, Inc.
*Attorneys for Defendants*

*/s/ Tremain Davis*
*Tremain Davis*

13