KRISTIN M. ROEBUCK BETHELL (AZ Bar No. 31000)
SLATON ROEBUCK, PLLC
8501 N. Scottsdale Road, Suite 155
Scottsdale, Arizona 85253
Telephone: (480) 483-2178
Email: roebuck@slatonroebuck.com

Local Counsel for Defendants

KENNETH S. INGBER (CA Bar No. 174551)
INGBER & ASSOCIATES
A Professional Law Corporation
401 Wilshire Boulevard, 12th Floor
Santa Monica, California 90401
Telephone: (818) 707-3811
Facsimile: (818) 707-5294
Emails: ken@ingberlawyers.com

Pro Hac Vice Counsel for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Zoe Federoff Smerda, an individual, Marek Smerda, an individual, Richard Shaw, an individual, Paul Allender, an individual, Sasha Baxter, an individual, and Lindsay Matheson, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>The Oracle Management, Inc., a domestic for-profit corporation, Daniel Lloyd Davey, an individual, Cradle of Filth Touring Limited, an international corporation, and Cradle of Filth LLP, an international limited liability partnership,<br><br>Defendants | Case No. 4:25-cv-00542-RM<br><br>**MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(6) OR, IN THE ALTERNATIVE, TO DISMISS FOR FORUM NON CONVENIENS**<br><br>**[Declaration of Daniel Lloyd Davey filed concurrently]** |

1
MOTION TO DISMISS SECOND AMENDED COMPLAINT

Defendant Daniel Lloyd Davey, Cradle of Filth Touring Limited, and Cradle of Filth LLP (collectively, the "UK Defendants"), by and through their undersigned counsel, hereby move this Court to dismiss the Second Amended Complaint ("SAC") pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, and to the extent the Court concludes it may exercise personal jurisdiction, the UK Defendants move to dismiss on forum non conveniens. This motion is supported by the following Memorandum of Points and Authorities, the pleadings and papers on file in this action, the Declaration of Daniel Lloyd Davey filed concurrently, and upon such further matters as the Court may consider.

Pursuant to LRCiv 7.1(h) and Arizona Rules of Civil Procedure 12(j), Defendants certify that counsel conferred in good faith regarding the issues raised herein and provided a copy of the draft motion to Plaintiffs' counsel prior to filing. The parties were unable to resolve the issues without Court intervention.

Dated: February 2, 2026

SLATON ROEBUCK, PLLC
        */Kristin M. Roebuck Bethell*
By: _____
Kristin M. Roebuck Bethell, Esq.
Local Counsel for Defendants

-and-

INGBER & ASSOCIATES
A Professional Law Corporation
        */Kenneth Ingber*
By: _____
Kenneth S. Ingber, Esq.
Pro Hac Vice Counsel for Defendants

MOTION TO DISMISS SECOND AMENDED COMPLAINT

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiffs have already amended their complaint twice in an effort to establish jurisdiction in Arizona over a dispute concerning worldwide exploitation rights to merchandise and recordings among foreign touring musicians and UK-based entities. Try as they might, Plaintiffs' allegations, consisting of less than a handful of tour stops in Arizona over the last several years and assertions (based solely on "information and belief") that UK Defendants profited from sales at those venues, are woefully insufficient to satisfy due process for either Arizona-specific jurisdiction or nationwide "catch-all" jurisdiction under Rule 4(k)(2). Furthermore, Plaintiffs have not, and cannot, allege facts to state a claim against the UK Defendants. For instance, the SAC invokes Arizona right-of-publicity law, yet most of the Plaintiffs alleging a claim for Right of Publicity/Misappropriation (Count 3) are domiciled outside of Arizona, including the state of California, the United Kingdom and Canada. Plaintiffs' effort to apply Arizona publicity law extraterritorially to worldwide sales and foreign defendants is not plausibly supported. Similarly, Plaintiffs attempt to recover for conversion, however, they do not allege that the converted property was taken from Arizona or that it is maintained there. Likewise, Plaintiffs' effort to seek compensation for exploitation of recorded performances by way of their unjust enrichment claim is preempted by the Copyright Act. See *Laws v. Sony Music Ent., Inc*., 448 F.3 1134, 1137-38 (9th Cir. 2006).

As discussed in greater detail below, all of Plaintiffs' claims fail because they plead critical jurisdictional facts only "upon information and belief" and they resort to impermissible group pleading—without identifying which defendant did what, when, or

MOTION TO DISMISS SECOND AMENDED COMPLAINT

how—all of which warrants dismissal because each defendant has been deprived of due process. Given that Plaintiffs had ample opportunity to cure the defects of their pleading, the SAC should be dismissed without leave to amend. Alternatively, the Court should dismiss the SAC on forum non conveniens grounds. If the Court concludes dismissal is not warranted, it should transfer the action to a more appropriate U.S. forum pursuant to 28 U.S.C. § 1404(a) (or § 1406 where venue is improper) as addressed in the pending motion to dismiss filed by Defendant The Oracle Management, Inc. ("Oracle").

## II.   <u>PROCEDURAL BACKGROUND</u>

Plaintiffs Zoe Federoff Smerda and Marek Smerda are former members of a heavy metal band, Cradle of Filth. (SAC, ¶3)

On September 29, 2025, Plaintiffs filed a Complaint against The Oracle Management, Inc. ("Oracle"), Daniel Lloyd Davey (another member of the band), Cradle of Filth Touring Limited, and Cradle of Filth LLP alleging causes of action for (1) false designation, (2) right to publicity/ misappropriation, (3) defamation and, in the alternative, (4) unjust enrichment. All of the defendants, other than Oracle, which is a California corporation with its principal place of business located in Los Angeles, California, reside and/or are headquartered in the UK. (SAC, ¶36-39) The gist of the Complaint is that all of the Defendants are liable for the unauthorized use and exploitation of Plaintiffs' likenesses and images in merchandise and in-person events, and for unpaid royalites for their performances in music sound recordings. Plaintiffs Federoff and Smerda also allege that Davey disparaged them. (SAC, ¶31)

On October 9, 2025, Plaintiffs filed a First Amended Complaint ("FAC") which added another plaintiff, Lindsay Matheson, who resides in Canada, and additional causes of

MOTION TO DISMISS SECOND AMENDED COMPLAINT

action for conversion and copyright infringement (concerning artwork) as against the UK Defendants.

Although service of the FAC was not effectuated, counsel for Defendants raised the issue of jurisdiction and venue with Plaintiffs' counsel. In response, Plaintiffs filed a motion for leave to file the SAC, which is currently the operative pleading. The SAC includes 3 additional Plaintiffs (Paul Allender, who resides in Arizona; Sasha Baxter, who resides in California; and, Richard Shaw, who resides in the UK) and alleges two more claims for unjust enrichment; however, it still does not cure the jurisdiction and venue issues.

**III.   THE COURT LACKS PERSONAL JURISDICTION**

**A.   Legal Standard on Rule 12(b)(2) Motion to Dismiss**

Rule 12(b)(2) of the Federal Rules of Civil Procedure grants defendants the right to challenge a federal court's personal jurisdiction. Due process requires that nonresident defendants have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The U.S. Supreme Court has established two categories of personal jurisdiction: general jurisdiction and specific jurisdiction. *Goodyear Dunlop Tires Operations, S.A., v. Brown*, 564 U.S. 915, 919 (2011); *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). "A State may exercise general jurisdiction where a defendant's affiliations with the State are so 'continuous and systematic' as to render [the defendant] 'essentially at home' in the forum State." *Daimler AG v. Bauman*, 571 U.S. at 127, citing *Goodyear Dunlop*. As the Supreme Court made clear, the oft-used formulation that a corporation may be subject to jurisdiction wherever it engages in a "substantial, continuous, and systematic course of business" was expressly

MOTION TO DISMISS SECOND AMENDED COMPLAINT

rejected as "unacceptably grasping," and does not itself establish general jurisdiction. *Id*. at 137-138. Corporate defendants are considered "at home" in the state of their incorporation and their principal place of business. *Id*. ("With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m]…bases for general jurisdiction."") It is only under exceptional circumstances that a foreign corporation may be subject to personal jurisdiction in a forum other than where it is incorporated or maintains its principal place of business. *Id*. at 139, n. 19.

If the defendant lacks sufficient contacts to be considered "at home" in the forum state, a court may exercise specific jurisdiction if the defendant has continuous and systematic contacts with the forum state that give rise to the claims in question. Specific jurisdiction requires that the defendant purposefully directed its activities toward the forum, the claim arises from those activities, and the exercise of jurisdiction is reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

In a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the burden rests on the plaintiff to establish personal jurisdiction with competent factual allegations. *Id*. at 800. Plaintiffs cannot rest on "bare allegations of the complaint," but must come forward with competent facts "by affidavit or otherwise."

In ruling on the motion, the court is not limited to considering the allegations in the complaint. See, *Travelers Cas. & Sur. Co. of Am. v. Telstar Const. Co.*, 252 F. Supp.2d 917, 922 (D. Ariz. 2003) ("It is well established that the Court may consider affidavits and other materials when weighing a Motion to Dismiss for lack of personal jurisdiction under Rule 12(b)(2) without transforming the motion into a Motion for Summary Judgment.)

MOTION TO DISMISS SECOND AMENDED COMPLAINT

Here, Plaintiffs repeatedly plead critical jurisdictional facts only "upon information and belief," including that the UK Defendants purportedly profited from merchandise, recordings, or licensing connected to Arizona.

**B.      There are No Facts Giving Rise to General Jurisdiction**

The SAC alleges at paragraph 44 that the Court has general personal jurisdiction over the UK Defendants pursuant to Federal Rule of Civil Procedure, Rule 4(k)(2) because they: (i) are not subject to jurisdiction in any single state's courts of general jurisdiction, (ii) each have purportedly directed their activities at the United States, this State, and this District, and (iii) each have purposefully availed itself of the benefits of doing business in the United States, this State, and this District…" In support of these conclusory allegations, Plaintiffs identify and rely upon a handful of dates between October 2021 and April 2025 where the UK Defendants purportedly made tour stops in Arizona, and where, "upon information and belief," the UK Defendants profited from the sales of merchandise and recordings.

General jurisdiction exists only where the defendant is "at home"—which, with respect to a corporate entity, is typically the place of incorporation or principal place of business. *Daimler AG v. Bauman*, 571 at 137; *Goodyear Dunlop Tires Op., S.A. v. Brown*, 564 U.S. at 919. As noted by the Supreme Court in *Daimler*, "the words 'continuous and systematic' were used in *International Shoe* to describe instances in which the exercise of specific jurisdiction would be appropriate…Turning to all-purpose jurisdiction, in contrast, *International Shoe* speaks of 'instances in which the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit…on causes of action arising from dealings entirely distinct from those activities.'" The inquiry is "not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,'

MOTION TO DISMISS SECOND AMENDED COMPLAINT

it is whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum state." Id.  "Exercising jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business' would be 'unacceptably grasping,' a formulation the Supreme Court expressly rejected as a basis for general jurisdiction." *Daimler AG v. Bauman,* 571 U.S. at 137-138.

Here, none of the UK Defendants are domiciled within the state of Arizona and they do not maintain offices, accounts or own property within the state. (See, Davey Dec.) Moreover, none of them have directed business activities toward this forum. (Id.) Rather, the SAC relies solely on allegations that Davey and Cradle of Filth LLP were "present" on a few tour stops in Arizona where the band performed over the course of several years and that they, including the touring entity, Cradle of Filth Touring Limited, profited from the sales of merchandise and recordings at those events. These are precisely the type of threadbare assertions that do not create jurisdictional facts. The Ninth Circuit has long held that a plaintiff "cannot rest on the bare allegations of the complaint" but must "come forward with facts, by affidavit or otherwise, supporting jurisdiction." *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Because Plaintiffs fail to allege specific jurisdictional facts linking the UK Defendants to Arizona, personal jurisdiction cannot be exercised consistent with due process. See also, *LNS Enterprises LLC v. Continental Motors, Inc.*, 464 F. Supp. 3d 1065, 1077–78 (D. Ariz. 2020) (denying jurisdictional discovery where plaintiffs offered only speculative, conclusory jurisdictional allegations).

MOTION TO DISMISS SECOND AMENDED COMPLAINT

### C.      There are No Facts Giving Rise to Specific Jurisdiction

Specific personal jurisdiction exists only when the defendant has (1) purposefully directed its activities at the forum state or purposefully availed itself of the privilege of conducting activities there; (2) the claim arises out of or relates to those forum-related activities; and (3) the exercise of jurisdiction would be reasonable and comport with fair play and substantial justice. See *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–76 (1985). The plaintiff's contacts with the forum cannot be decisive in determining whether the defendant's due process rights are violated. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The proper focus is the defendant's own contacts with the forum, not the plaintiff's unilateral residence or experience of harm. See also *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) ("A contract alone does not automatically establish minimum contacts in the plaintiff's home forum."). "[T]he relationship must arise out of contacts that the 'defendant himself' creates with the forum State." *Walden v. Fiore*, 571 U.S. at 283-84. See also *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362–65 (2021) (specific jurisdiction exists only where the defendant's suit-related conduct creates a substantial connection to the forum; unrelated in-forum activities do not suffice).

To the extent Plaintiffs rely on tort-based claims and argue that injury was "felt" in Arizona, the Ninth Circuit's post-*Walden* jurisprudence confirms that such allegations do not establish purposeful direction. After *Walden v. Fiore*, 571 U.S. 277 (2014), "express aiming" requires forum-specific targeting, not merely knowledge that the plaintiff resides in the forum or that the plaintiff will experience injury there. See *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069–71 (9th Cir. 2017) (mere knowledge of plaintiff's

MOTION TO DISMISS SECOND AMENDED COMPLAINT

forum connections and foreseeable harm is insufficient; the defendant must target the forum itself); *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1144–46 (9th Cir. 2017) (rejecting jurisdiction where conduct was directed at plaintiffs who happened to reside in the forum, not at the forum itself). Here, the SAC alleges a worldwide dispute and online communications directed to a global audience, not Arizona-directed conduct. Under *Axiom Foods* and *Morrill*, Plaintiffs' residence and alleged in-forum effects cannot substitute for suit-related, forum-targeted conduct by each UK Defendant.

The plaintiff bears the burden of establishing the first two prongs; if met, the burden then shifts to the defendant to show unreasonableness. *CollegeSource, Inc. v. AcademyOne*, Inc., 653 F.3d 1066, 1076–77 (9th Cir. 2011). The "purposeful availment" or "purposeful direction" requirement ensures that the defendant's conduct creates a substantial connection with the forum state, such that it should reasonably anticipate being haled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Random, fortuitous, or attenuated contacts are insufficient. *Burger King*, 471 U.S. at 475; *Walden v. Fiore*, 571 U.S. 277, 284–86 (2014).

Here, the SAC relies on a few Arizona performances over several years and asserts, "upon information and belief," that the UK Defendants profited from the sales of merchandise and recordings at those shows. Such isolated tour-related contacts are not the type of deliberate, forum-focused conduct that establishes purposeful availment. See *Boschetto v. Hansing*, 539 F.3d 1011, 1017-18 (9th Cir. 2008) (one-off transaction insufficient); *Picot v. Weston*, 780 F.3d 1206, 1214-15 (9th Cir. 2015) (effects felt in forum insufficient without forum-directed conduct).

MOTION TO DISMISS SECOND AMENDED COMPLAINT

Plaintiffs' core grievances—worldwide exploitation of recordings and merchandise, alleged failure to account/pay royalties, alleged overseas conversion, and social-media commentary—are not alleged to have been targeted to Arizona in any meaningful sense. *Walden v. Fiore*, 571 U.S. at 284-85 (jurisdiction must be based on defendant's contacts with the forum itself, not contacts with persons who reside there). Thus, the SAC fails to allege facts showing that the UK Defendants purposefully directed any conduct toward Arizona or purposefully availed themselves of the benefits of doing business there.

Even if some forum contacts exist, Plaintiffs must plausibly allege a causal nexus or meaningful relationship between those contacts and each claim. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359-63 (2021). Here, the SAC's claims concern (i) purported licensing and exploitation decisions; (ii) royalties and accounting; (iii) alleged copying of artwork; (iv) an alleged conversion occurring during touring activity outside Arizona; and (v) alleged online defamation. Plaintiffs do not plead any nonconclusory facts tying those alleged wrongs to Arizona, as opposed to the UK or worldwide markets.

To the extent Plaintiffs rely on a theory that even minimal forum sales automatically establish jurisdiction, more recent Ninth Circuit authority requires a meaningful showing of purposeful availment and a claim-specific nexus. See *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085 (9th Cir. 2023) (emphasizing that jurisdiction requires purposeful direction/availment and relatedness; small-volume forum sales are not necessarily sufficient). *Herbal Brands* further supports dismissal where, as here, the SAC pleads only generalized online commerce and isolated tour activity rather than Arizona-targeted conduct tied to the asserted claims.

11

MOTION TO DISMISS SECOND AMENDED COMPLAINT

Furthermore, personal jurisdiction must be assessed separately for each defendant. Plaintiffs may not satisfy due process through collective allegations that "Defendants" profited, sold merchandise, or made statements without identifying which defendant engaged in suit-related, forum-directed conduct. See *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) (jurisdictional contacts must be evaluated for each defendant); see also *Calder v. Jones*, 465 U.S. 783, 790 (1984) (focusing the inquiry on the particular defendants' intentional, forum-related conduct). Because the SAC repeatedly lumps defendants and relies on "information and belief" pleading, it fails to establish personal jurisdiction over any particular UK Defendant.

Even if isolated Arizona tour stops occurred, Plaintiffs fail to satisfy the requirement that each claim "arise out of or relate to" the defendants' forum contacts. Plaintiffs seek sweeping relief based on worldwide exploitation, licensing and accounting disputes, and online communications, none of which are plausibly tied to Arizona-specific conduct by any UK Defendant. *Ford* does not allow plaintiffs to bootstrap a global dispute into Arizona based on transitory tour appearances.

**D.      Plaintiffs' Invocation of Rule 4(k)(2) is Defective**

Plaintiffs invoke Federal Rule of Civil Procedure 4(k)(2) as a fallback basis for personal jurisdiction. However, Rule 4(k)(2) applies only where (1) the claim arises under federal law, (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and (3) exercising jurisdiction is consistent with due process. Plaintiffs cannot demonstrate suit-related contacts with the United States sufficient to satisfy due process. *Holland Am. Line Inc. v. Wartsila N. Am, Inc.*, 485 F.3d 450, 462 (9th Cir. 2007). The due process inquiry remains the same: Plaintiffs must show that each defendant purposefully

MOTION TO DISMISS SECOND AMENDED COMPLAINT

directed suit-related conduct to the United States and that the claims arise out of or relate to those contacts. See *Walden*, 571 U.S. at 284–86; *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358–63 (2021). General touring history, a worldwide fan base, or speculative allegations of online sales are insufficient. Because Plaintiffs plead only generalized worldwide conduct and episodic tour stops, Rule 4(k)(2) does not supply a constitutionally permissible jurisdictional basis.

### E.    Exercising Jurisdiction Would be Unreasonable

Even if Plaintiffs could satisfy the first two prongs, jurisdiction must be reasonable. See *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985). The burden on foreign defendants, the forum's limited interest in adjudicating worldwide disputes between foreign parties, and the availability of an adequate alternative forum (in the UK) all weigh heavily against jurisdiction. See *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 114-16 (1987). As Plaintiffs allege no purposeful availment, purposeful direction, or forum-related acts by the UK Defendants giving rise to their claims, they fail to meet their burden to establish specific personal jurisdiction. The SAC therefore should be dismissed under Fed. R. Civ. P. 12(b)(2).

### F.    Jurisdiction Discovery Is Unwarranted

Plaintiffs have already amended their complaint twice and still cannot allege competent, defendant-specific jurisdictional facts. Instead, Plaintiffs rely "upon information and belief" allegations regarding purported sales, profits, and licensing. Such fishing expeditions are improper. See *LNS Enterprises LLC v. Continental Motors, Inc.*, 464 F. Supp. 3d 1065, 1077–78 (D. Ariz. 2020).

MOTION TO DISMISS SECOND AMENDED COMPLAINT

## IV.    THE SAC FAILS TO STATE A CLAIM

Independently, the SAC should be dismissed because it does not plead plausible claims against the UK Defendants and repeatedly resorts to impermissible group pleading. The SAC alleges that "Defendants" engaged in conduct—granting rights, profiting from exploitation, refusing accountings, creating music videos, and misappropriating likenesses—without identifying which defendant did what, when, or how. Such group pleading fails Rule 8 and warrants dismissal because it deprives each defendant of fair notice of the claims and the grounds upon which they rest.

### A.  Legal Standard on Rule 12 (b)(6)

To survive a motion to dismiss, a complaint must plead sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court need not accept legal conclusions, conclusory allegations, or unwarranted inferences. *Iqbal*, 556 U.S. at 678-79.

### B.  Count 1 (Lanham Act) Fails as a Matter of Law

A Lanham Act claim requires plausible allegations of a protectible mark or, in a false-endorsement theory, that defendants' use is likely to cause consumer confusion as to endorsement. See *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1007-08 (9th Cir. 2001); *Waits v. Frito-Lay, Inc*. 978 F.2d 1093, 1108-10 (9th Cir. 1992). Here, Plaintiffs allege "upon information and belief" that "Defendants" continue to sell merchandise bearing their images and likenesses, and that it is "likely" to confuse consumers into believing they endorse Defendants and their performances. (SAC, ¶¶206, 208) However, *Twombley/Iqbal* requires more than an assertion that confusion is "likely." Furthermore, courts have recognized limits on claims where the use of a name or likeness is part of expressive content

MOTION TO DISMISS SECOND AMENDED COMPLAINT

or a context in which consumers are unlikely to be confused about endorsement. See *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1241–45 (9th Cir. 2013); *Rogers v. Grimaldi*, 875 F.2d 994, 999–1001 (2d Cir. 1989).

Moreover, to the extent Plaintiffs seek to use Section 1125(a) to police attribution or creative credit regarding recordings and performances, the claim is barred by *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003) (Lanham Act cannot be used as a "mutant copyright" to police authorship/attribution.)

### C. Count 2 (Copyright) is Inadequately Plead

Copyright liability requires a plausible allegation of a domestic act of infringement and defendant's volitional conduct. *Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*, 24 F.3d 1088, 1095-96 (9th Cir. 1994)(en banc) (Copyright Act does not apply extraterritorially); *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 667-67 (9th Cir. 107) (volitional conduct required for direct infringement).

Here, the SAC alleges that Plaintiff Matheson created "Sigils," that the UK Defendants used them on merchandise, and that they licensed third parties. However, it does not plead who copied what, where the copying occurred, or what domestic acts of infringement are attributed to each UK Defendant. Moreover, it does not plead facts supporting secondary liability elements, such as knowledge, material contribution/ inducements, with the required specificity.

### D. Count 3 (Right of Publicity/Misappropriation) Fails Due to Conflict of Law and Extraterritoriality Defects

The SAC invokes Arizona right-of-publicity law and Arizona authority, but most of the Plaintiffs are not even domiciled in Arizona. Indeed, of the five Plaintiffs, two reside

MOTION TO DISMISS SECOND AMENDED COMPLAINT

outside of the United States and another resides in California. Moreover, none of the defendants are domiciled in Arizona—three of the defendants are located in the UK and the fourth, Oracle, is a California corporation. Furthermore, the challenged exploitation is worldwide.

Arizona applies the Restatement (Second) of Conflict of Laws and requires a claim-specific choice-of-law analysis. See *Bryant v. Silverman*, 703 P.2d 1190, 1191-96 (Ariz 1985). The SAC pleads none. Plaintiffs' effort to apply Arizona publicity law extraterritorially to worldwide sales and foreign defendants is not plausibly supported. As such, this claim should be dismissed as a matter of law.

### E.  Count 4 (Conversion) Fails to Plead Defendant-Specific Conduct and is Extraterritorial

Arizona authority defines conversion as an act of wrongful dominion or control over personal property in denial of, or inconsistent with, the rights of another. See *Case Corp. v. Gehrke*, 91 P.3d 362, 365–66 (Ariz. Ct. App. 2004). The SAC's conclusory "information and belief" allegations regarding who possessed the alleged property, where it was taken, and which defendant exercised control over it do not satisfy the required elements and do not provide fair notice to each UK Defendant.

The SAC alleges that a tour manager took equipment and that Davey damaged or retained it. However, it pleads agency and scope-of-employment only "upon information and belief," without any supporting facts, and does not plead the location of the alleged taking/retention as Arizona. The SAC also does not plead a basis to impose conversion liability on the UK entities absent nonconclusory allegations of participation, direction, or ratification. As such, this claim should be dismissed.

MOTION TO DISMISS SECOND AMENDED COMPLAINT

### F.  Count 5 (Defamation) is Inadequately Pleaded and Barred In Part by Opinion/Hyperbole

To plead defamation, Plaintiffs must allege a provably false statement of fact, publication, fault and damages.  Statements that are opinion, rhetorical hyperbole, or not susceptible of being proved true or false are not actionable. See *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20-21 (1990); *Partington v. Bugliosi*, 56 F.3d 1147, 1153-57 (9th Cir. 1995); *Knievel v. ESPN*, 393 F.3d 1068, 1075-77 (9th Cir. 2005).

Here, the SAC pleads an alleged social media post with mixed statements and purported "implications," but does not plead with the required specificity the full context or why each statement is provably false rather than opinion. For instance, Plaintiffs allege that Davey defamed Plaintiff Federoff because he "implied" that she caused herself to have a miscarriage by consuming alcohol while she was pregnant. The source of this alleged defamation is the following statement: "If [Federoff] was pregnant, why was she drinking at all?" Glaringly absent is any reference to Federoff having a miscarriage or consumption of alcohol causing a miscarriage. Plaintiffs also allege that Davey accused Plaintiff Smerda of being an alcoholic, yet it was his wife, Plaintiff Federoff, who left the tour, "citing Ashok's alcoholism and partying by text." Neither of these allegations are sufficient to state a claim.

Additionally, given Plaintiffs' public roles as touring performers, Plaintiffs are at least limited-purpose public figures, requiring plausible allegations of actual malice. See *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351-52 (1974). Simply alleging in a conclusory manner that the statements were made "recklessly and/or with malice" are not sufficient. (SAC, ¶292)

MOTION TO DISMISS SECOND AMENDED COMPLAINT

**G. Counts 6-8 (Unjust enrichment) are Preempted, Duplicative and Inadequately Pleaded**

The unjust enrichment counts largely restate the same alleged misconduct as the statutory and tort claims. To the extent they seek compensation for exploitation of recorded performances, they are preempted by the Copyright Act. See *Laws v. Sony Music Ent., Inc.*, 448 F.3 1134, 1137-38 (9th Cir. 2006) (state law claims seeking to vindicate rights equivalent to copyright are preempted). To the extent they rest on alleged misuse of likeness, they are duplicative of the publicity claim and improperly attempt to apply Arizona publicity laws extraterritorially as discussed above.

In addition to copyright preemption and duplication of other claims, unjust enrichment fails because Plaintiffs do not plausibly allege that they conferred a direct benefit on any UK Defendant, or that any defendant's retention of an alleged benefit would be unjust. Arizona law requires proof of (1) an enrichment, (2) an impoverishment, (3) a connection between them, (4) the absence of justification, and (5) the absence of a remedy at law. See *Freeman v. Sorchych*, 245 P.3d 927, 936 (Ariz. Ct. App. 2011). Where the SAC alleges "upon information and belief" only that defendants "profited" from alleged merchandising or exploitation in a generalized way, without defendant-specific facts demonstrating a direct enrichment tied to Plaintiffs' alleged impoverishment, the claim fails under Rule 12(b)(6). As such, these claims should be dismissed.

**V.    ALTERNATIVELY, THE COURT SHOULD DISMISS ON FORUM NON CONVENIENS GROUNDS**

A court may dismiss when an adequate alternative forum exists and the balance of private and public interest factors strongly favors litigation in the alternative forum. See

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981); *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir. 2001). If the Court concludes it may exercise jurisdiction, dismissal is still appropriate because the United Kingdom is an adequate alternative forum and the balance of factors strongly favors litigation there. *Piper Aircraft*, 454 U.S. at 254 n. 22; *Lueck*, 236 F.3d at 1143.

The Court should afford reduced deference to Plaintiffs' chosen forum because this dispute is predominantly foreign: the UK Defendants are foreign entities, key witnesses and documents are located in the United Kingdom, and the operative conduct and evidence concern foreign business decision-making and worldwide exploitation. See *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981). Ninth Circuit authority likewise recognizes reduced deference and gives substantial weight to witness and document location and compulsory process considerations. See *Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 693–96 (9th Cir. 2009). Notably, several of the Plaintiffs reside outside of the United States, including Plaintiff Shaw who is also domiciled in the UK.

Private interest factors strongly favor dismissal because relevant third-party witnesses are located in the United Kingdom and are beyond this Court's subpoena power, and the key documentary evidence regarding licensing, merchandising, and accounting is maintained abroad. Courts regularly give significant weight to the inability to compel testimony and the cost of obtaining foreign evidence when applying the forum non conveniens framework. These considerations are especially compelling where, as here, the documents and decision-makers for licensing, merchandising, and accounting are located in the United Kingdom. If the Court concludes dismissal is not warranted, the Court should

19

MOTION TO DISMISS SECOND AMENDED COMPLAINT

transfer the action to a more appropriate U.S. forum pursuant to 28 U.S.C. § 1404(a) (or § 1406 where venue is improper) as addressed in the motion filed by Defendant Oracle.

## VI.    CONCLUSION

For the foregoing reasons, the UK Defendants respectfully request that the Court dismiss the SAC for lack of personal jurisdiction under Rule 12(b)(2).  In the alternative, the Court should dismiss under Rule 12(b)(6) for failure to state a claim, and/or dismiss on forum non conveniens grounds.

Dated: February 2, 2026

SLATON ROEBUCK, PLLC
        */Kristin M. Roebuck Bethell*
By: _____
Kristin M. Roebuck Bethell, Esq.
Local Counsel for Defendants

-and-

INGBER & ASSOCIATES
A Professional Law Corporation
        */Kenneth Ingber*
By: _____
Kenneth S. Ingber, Esq.
Pro Hac Vice Counsel for Defendants

MOTION TO DISMISS SECOND AMENDED COMPLAINT

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Federal Rules of Civil Procedure 5(b)(2)(E). The following parties were served through the CM/ECF system and e-mail a copy on this 4th day of February, 2026:

> Krystle Delgado, AZ Bar No. 031219
> Delgado Entertainment Law, PLLC
> 6803 E. Main Street, Suite 1116
> Scottsdale, Arizona 85251
> krystle@delgadoentertainmentlaw.com

By: /s/Cathy Bopp

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No.: 4:25-cv-00542-RM